## WADE CRANE v. STATE.

No. A-9129. May 21, 1937.
(68 Pac. [2d] 539.)

Harrison Roe and David Tant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty Gen., for the State.

DAVENPORT, P. J. The defendant, Wade Crane, was by information jointly charged with Newt Lawson of the crime of grand larceny. The property alleged to have been stolen was 65 bushels and 30 pounds of wheat, the personal property of Jake Zumwalt. The defendant was tried separately, convicted, and sentenced to serve a term of one year and one day in the state penitentiary. Motion for a new trial was filed, considered, overruled, and the plaintiff in error has appealed. In this opinion, the plaintiff in error will be referred to as the defendant.

In the trial of the case, Newt Lawson, the codefendant, testified for the state. He and two negroes testifying they went with Wade Crane to the granary of Jake Zumwalt in the nighttime and got the wheat named in the information.

The defendant in his brief does not question the sufficiency of the testimony and for that reason it is not necessary to set out the testimony in full. The main question raised by the defendant is that in the trial of the case in order to corroborate the testimony of Newt Lawson and two negroes, the state read from the testimony of one Bennie Thomas, who was a witness at the preliminary

trial. The testimony showed the wheat when taken from the granary of Jake Zumwalt was taken to the granary belonging to the defendant, or some member of his family, and unloaded in the granary. The next day the defendant, Wade Crane, employed the witness Bennie Thomas to move this wheat from the granary of the defendant or some member of his family to the elevator in Grandfield.

The defendant alleges four assignments of error which he deems sufficient to warrant this court in reversing the case. The second assignment is the only error it is necessary for this court to consider, which is as follows:

"Error of the court in permitting the county attorney to read to the jury certain testimony introduced at the preliminary trial, over the objections and exceptions of the defendant."

The other errors complained of are not discussed in defendant's brief, and he admits that the testimony is sufficient to sustain the verdict and judgment if the court did not err in admitting the transcript of the testimony of Bennie Thomas, taken at the preliminary trial, to be read to the jury by the court over the objection of the defendant. The Thomas testimony permitted to be read to the jury goes to the fact that the defendant in this case, Wade Crane, on Saturday morning after the wheat is alleged to have been stolen on Friday night, came to a cafe and spoke to his father-in-law and asked his father-in-law to ask Bennie Thomas if he wanted to haul a load of wheat; and Thomas said, "Yes," and Thomas said:

"I went out and talked with the defendant, Crane, and asked him how much; and how far it was and we got together on the price, and I went out to the Crane farm where the defendant had told me the wheat was in the granary. The defendant was at the farm, and when I backed up to the granary the defendant asked me how much

the bed would hold, and I told him between 90 and 100 bushel; and he said he had about 70 or 75, and I loaded until I thought I had about that much, and as I started to drive away he said to sell the wheat in Newt Crane's name, and when I unloaded it and they made out the check, one of the defendant's boys was at the elevator and said he would give the check to his daddy, and he would pay me for the hauling. I did not know whose wheat it was; I thought it was Newt Crane's; I got the wheat four miles north and 1 mile east of Grandfield; I thought Garland Crane lived on the place where I got the wheat."

It is urged by the defendant that the admission of this testimony over the objection of the defendant was reversible error, for the reason that due diligence was not shown, nor was a sufficient predicate laid to authorize the court in admitting the testimony of this witness taken at the preliminary examination. Citing many decisions in support of his contention that the proper predicate was not laid for the state to offer the transcript of the testimony of the witness Bennie Thomas taken at the preliminary.

From an examination of the record, it is not deemed by this court necessary to go into the question as to whether or not due diligence was used by the state in trying to secure the attendance of the witness Bennie Thomas, and as to whether or not a proper predicate was laid to justify the court in admitting the testimony of Bennie Thomas, for the reason that the record shows that the defendant, testifying in his own behalf, admitted he hired the witness Bennie Thomas to go to the farm and haul the wheat from the farm to the elevator. Defendant further admitted that when the wheat was loaded into the truck of Bennie Thomas he told Thomas to sell the wheat in the name of his brother, Newt Crane, and that his son received the check.

Defendant further states he took the check to his brother who indorsed it and he then brought it back to town and deposited $20 of it in the bank and kept the other. He denied he paid Newt Lawson $25, but admitted he paid a colored man by the name of Pearman and another colored man $4 for their services in helping Newt Lawson load the wheat at the Zumwalt granary the night previous to the time he hired Bennie Thomas to haul the wheat from the Crane granary and sell it.

In view of the admissions made by the defendant in his testimony that he hired Bennie Thomas to haul the wheat from the granary on the Crane place, and giving directions as to the sale of the wheat and the disposition of the check received for the wheat, it was not error for the court to admit the transcript of the testimony of Bennie Thomas taken at the preliminary trial. Pruitt v. State, 60 Okla. Cr. 210, 63 Pac. (2d) 776.

The evidence is sufficient to sustain the judgment. The defendant was accorded a fair and impartial trial. The court properly advised the jury as to the law for its guidance in considering its verdict. Finding no errors in the record sufficient to warrant this court in reversing the same, the judgment of the trial court is affirmed.

DOYLE and BAREFOOT, JJ., concur.